# Appendix B

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

IN THE DISTRICT COURT SEDGWICK COUNTY, KANSAS

SHAYLYNN SECONDINE
    Plaintiff.

v.

CITY OF WICHITA, KANSAS,

NORMAN WILLIAMS,

RICHARD BACHMAN,
    Defendants.

15CV2862

SUMMONS

To: _____ City of Wichita

A lawsuit has been filed against you.

Within (21) (30) (40) days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. The answer or motion must be served on the plaintiff's attorney, or the plaintiff if plaintiff has no attorney, at the following address:

_____ Mark T. Schoenhofer _____

_____ 1631 E. 1st Street, Wichita, Kansas 67214 _____

If you fail to file an answer or motion as described above, judgment by default will be entered against you for the relief demanded in the petition. You also must file your answer or motion with the court.

If you file an answer, any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer. If you fail to do so you

will thereafter be barred from making such claim in any other action.

Date NOV 1 2 2015

Clerk's Seal

[Clerk's Seal: District Court, Sedgwick County, Kansas]

Clerk of the District Court.

By *Jennifer McO...*
Deputy

2

# RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of this summons and a copy of the petition (and _____insert any other documents served_____) on \_\_(name of defendant)\_\_ in the following manner:

\_\_\_\_\_(1)   **Personal Service** - on the \_\_\_\_ day of _____, 2\_\_\_, by delivering or offering to deliver the documents to the above-named person;

\_\_\_\_\_(2)   **Residence Service** - on the \_\_\_\_ day of _____, 2\_\_\_, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

\_\_\_\_\_(3)   **Residence Service** - on the \_\_\_\_ day of _____, 2\_\_\_, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

\_\_\_\_\_(4)   **Return Receipt Delivery** - by causing to be delivered on the \_\_\_\_ day of_____, 2\_\_\_, the documents by return receipt delivery to the above-named person at the following address: _____with delivery being made by the following person or entity: _____.

A copy of the return receipt evidencing delivery is attached to this Return of Service.

\_\_\_\_\_(5)   **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2\_\_\_, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

\_\_\_\_\_(6)   **Other Method of Service** - _____(Describe other method of service allowed by law).

\_\_\_\_\_(7)   **No Service.** The above-named person was not served for the following reason(s): _____.

3

# CERTIFICATION OF
# RETURN ON SERVICE OF SUMMONS

### Service by
### Law Enforcement Officer

I declare under penalty of perjury, as provided in K.S.A. 21-3805, that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

_____(Signature and Title of Officer)_____

### Service Outside State
### Affidavit of Service

STATE OF _____ )
                             ) ss.
COUNTY OF _____ )

I, ____(name)____, am authorized to serve process in civil actions in the state of _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

_____(Signature and Title of Officer)_____

Subscribed and sworn to before me this _____ day of _____, 2____.

(Signature of person

_____authorized to administer oaths)_____

4

# Service by a Person other than a Law Enforcement Officer in Kansas

## Affidavit of Service

STATE OF KANSAS  )
                 ) ss.
COUNTY OF _____ )

I, ____(name)____, swear or affirm that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2___.

                                                     (Signature of Person serving process)

Subscribed and sworn to before me this _____ day of _____, 2___.

                                                     (Signature of person
                                                     authorized to administer oaths)

### Authority

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

### Notes on Use

The summons must be signed by the clerk or deputy, dated the day it is issued, and bear the court's seal. K.S.A. 60-302.

The time within which an Answer or other responsive pleading is to be filed by a party served with process is:
- 21 days for a defendant served in-state other than an insurance company served under K.S.A. 40-218, K.S.A. 60-212;
- if a defendant is served out-of-state no default may be taken against that defendant until 30 days after service, K.S.A. 60-308;
- 40 days for an insurance company when service is made on the commissioner of insurance under K.S.A. 40-218;

unless otherwise provided by law. The times within which a responsive pleading must be filed are exclusive of the date of service of process.

The sheriff of the county in which the action is filed must serve any process by any method authorized by K.S.A. 60-303, or as otherwise provided by law, unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service. K.S.A. 60-303(b).

The sheriff shall endorse upon every summons, order of arrest, or for the delivery of property, or of attachment, injunction execution or order of sale, the day and hour it was received by him or her. The sheriff shall execute every summons, order or other process and return the same as required by law. K.S.A. 60-2602.

Methods of service of process within this state are described in K.S.A. 60-303. Methods of service of

process outside the state are described in K.S.A. 60-308. Persons to be served are set forth in K.S.A. 60-304.

Methods of service described in K.S.A. 60-303 are service by return receipt delivery [K.S.A 60-303(c)], and personal and residence service [K.S.A 60-303(d)]. Service by publication is authorized by K.S.A. 60-307. Additional methods of serving garnishment process include service by first-class mail, telefacsimile, and internet electronic mail [K.S.A. 60-303(f)].

An acknowledgment of service on the summons is equivalent to service. The voluntary appearance by a defendant is equivalent to service as of the date of appearance. K.S.A. 60-303(e).

K.S.A. 60-308 provides that service of process may be made upon any party outside the state. If service of process is made upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of service of process within this state; otherwise it shall have the force and effect of service by publication.

Service of process outside the state shall be made (A) in the same manner as service within this state, by an officer authorized to serve process in this state or in the state where the party is served or (B) by service by return receipt delivery. No order of a court is required.

Pursuant to K.S.A. 60-203 a civil action is commenced at the time a petition is filed with the court if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff. If service of process or first publication is not made within the 90 day time period, or within the 60-308-day extension of time for service, the action is deemed commenced as of the date of service of process or first publication.

An officer or other person receiving a summons or other process must file a return of service not later than 14 days after the service is effected. If the process cannot be served it must be returned to the court within 30 days after the date issued with a statement of the reason for the failure to serve it, except the court may extend the time for service up to 90 days after the date issued. Upon receipt of the return on any summons or other process, the clerk must serve a copy of the return on the attorney for the party requesting issuance of the summons or other process or, if the party has no attorney, on the requesting party. K.S.A. 60-312(d).

K.S.A. 60-303 provides for service of process by return receipt delivery which is effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery. K.S.A. 60-303(c)(1).

After service and return of the return receipt, the sheriff, party, or party's attorney must execute and file a return of service. The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery. K.S.A. 60-303(c)(4).

If the sealed envelope is returned with an endorsement showing refusal to accept delivery, the sheriff, party, or the party's attorney may send a copy of the process and petition or other document by first-class mail, postage prepaid, addressed to the party to be served, or may elect other methods of service. If mailed, service is considered to be obtained three days after the mailing. Mailing must be evidenced by a certificate filed with the clerk. If the unopened envelope sent by first-class mail is returned as undelivered for any reason, service is not obtained and the sheriff, party, or party's attorney must file an amended certificate with the clerk indicating nondelivery. Mere failure to claim the sealed envelope sent by return receipt delivery is not refusal of service within the meaning of this subsection. K.S.A. 60-303(c)(5).

Proof of personal and residence service must be filed with the court and made as follows:
(1) Every officer to whom summons or other process is delivered for service must make a statement subject to penalty of perjury as provided in K.S.A. 21-3805, and amendments thereto, as to the time, place, and manner of service. K.S.A. 60-312(a)(1).
(2) If process is delivered to a person, other than an officer, for service, the person must make an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, showing as to the time, place, and manner of service. K.S.A. 60-312 (a)(2).

6

When service is made outside this state, the server must file an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, or any other competent proof, stating the time, manner, and place of service. The court may consider the affidavit or declaration or any other competent proof in determining whether service has been properly made. K.S.A. 60-308(a)(2).

*Shaylynn Secondine v. City of Wichita*
Petition

MARK T. SCHOENHOFER, #15781
1631 E. 1ST STREET
WICHITA, KANSAS 67214
(316)262-5400
FAX: (316) 262-1787
EMAIL: mydefensefirst@yahoo.com

COPY

FILED
APP DOCKET NO._____
2015 NOV 10 P 3: 02
CLERK OF DIST. COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS
BY_____

## IN THE EIGHTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, SEDGWICK COUNTY, KANSAS
## CIVIL DEPARTMENT

| | |
|---|---|
| **SHAYLYNN SECONDINE,**<br>Plaintiff,<br><br>v.<br><br>**CITY OF WICHITA, KANSAS,**<br>[SERVE: Mayor Jeff Longwell,<br>1st Floor, 455 N. Main, Wichita,<br>Kansas 67202],<br><br>**NORMAN WILLIAMS**, in his Official<br>Capacity, [764 S. Hunter, Wichita, Kansas<br>67203],<br><br>**RICHARD BACHMAN**, in his Official<br>Capacity, [4202 W. Murdock St., Wichita,<br>Kansas 67212].<br><br>Defendants. | 15CV2862 |

## **PETITION**

**COMES NOW** the Plaintiff, by and through her attorney, Mark T. Schoenhofer and for her cause of action and claim for relief against the defendants, alleges and states as follows:

1

*Shaylynn Secondine v. City of Wichita*
Petition

## STATEMENT OF CLAIMS

1. At all times relevant to the conduct set forth below, Defendant Richard Bachman (hereinafter Officer Bachman) was a Wichita police officer, acting in his official capacity and under color of law; and, Defendant Norman Williams (hereinafter Chief Williams) was the Chief of Police for the City of Wichita, and was acting in his official capacity.

2. On August 11, 2014, Officer Bachman gave the Plaintiff a ride from an Old Town bar to her home, while Officer Bachman was on duty and in uniform. Officer Bachman was driving a Wichita Police Department Patrol car, equipped with overhead lights, WPD insignia, and weaponry. Before the ride, Officer Bachman subjected the Plaintiff to a pat down of her body. The pat down was a Fourth Amendment search and seizure, and unreasonably intrusive and offensive. During the pat down, Officer Bachman patted the outside of Plaintiff's breasts. In the patrol car, Officer Bachman then placed his hand inside the Plaintiff's shirt and bra, and fondled her right breast. The actions of Officer Bachman caused the Plaintiff to fear for her safety. Officer Bachman's pat down of Plaintiff was an excessive, unreasonable and inordinate use of force, and in violation of the Fourth Amendment's ban against unreasonable searches and seizures. Officer Bachman's use of force was in violation of Wichita Police Department policy, and was reckless, and grossly negligent. Officer Bachman is also liable for the intentional torts of battery, assault, outrage, breach of privacy, false imprisonment, and false arrest, all related to his actions in groping and fondling Plaintiff's breasts while Plaintiff was captive in Officer Bachman's patrol car.

3. On August 11, 2014, Chief Williams and the City of Wichita knew or should have known of Officer Bachman' history of sexual aggression and unlawful sexual advancements and assaults

2

*Shaylynn Secondine v. City of Wichita*
Petition

of other women. Chief Williams had the authority and the duty to prevent or aid in the prevention of any and all other aggressive, uninvited sexual attacks by Officer Bachman on women, including his sexually aggressive touching of the Plaintiff. Chief Williams could have done so by terminating Officer Bachman's job, providing the sexual offender treatment counseling he needed, and/or by obtaining for Officer Bachman the medical or psychological care and treatment he needed. Chief Williams not only failed in his duty, he knowingly, recklessly and with deliberate indifference and callous disregard of Plaintiff's right to be free of uninvited sexual assaults by a law enforcement officer failed or refused to terminate Officer Bachman's job, to provide the sexual offender treatment counseling he needed, and/or to obtain for Officer Bachman the medical or psychological care and treatment he needed.

4. Chief William's liability arises from his failures to act, his denials, and his deliberate indifference to the foreseeable sexual abuse of Plaintiff by Officer Bachman, and the deliberate indifference to that risk. Chief Williams' acts, omissions and failures, and deliberate indifference as set forth herein, took place within the course and scope of his employment as Chief of Police for the City of Wichita, Kansas, and as employee of the Defendant City of Wichita, Kansas. Chief Williams is also liable under the doctrine of respondeat superior for the negligence of Officer Bachman.

5. The City of Wichita is liable for the actions and omissions and failures of Chief Williams and Officer Bachman under the doctrine of respondeat superior and/or other doctrines of recognized law, and for the civil rights violations of Chief Williams pursuant to 42 U.S.C. § 1983.

6. Pursuant to 42 U.S.C. §§ 1983, 1988, the Kansas Tort Claims Act (K.S.A. §§ 75-6101 to 75-6115), and the common law, Plaintiffs seek damages (both actual and exemplary), attorney's fees,

3

*Shaylynn Secondine v. City of Wichita*
Petition

and costs as a result of the defendants' tortious conduct, and their violations of Plaintiff's Constitutional rights.

## JURISDICTION AND VENUE

7. The intentional and negligent actions of defendants, and the deliberate indifference of Chief Williams and the City of Wichita to the foreseeable harm to Plaintiff (Fourth Amendment violation), all occurred within the corporate city limits of Wichita, Sedgwick County, Kansas.

8. Plaintiff is a resident of Wichita, Sedgwick County, Kansas.

9. The City of Wichita, Kansas is a political subdivision of the State of Kansas, and may be personally served with process by delivering a copy of the petition and summons to Mayor Jeff Longwell, 1st Floor, 455 N. Main, Wichita, Kansas 67202.

10. At times relevant hereto, Chief Williams worked as an agent, servant, and employee of the city of Wichita, Kansas. Chief Williams may be served with process at 764 S. Hunter, Wichita, Kansas 67207.

11. Officer Bachman was at all times relevant hereto a police officer for the City of Wichita, Kansas, and may be served with process at 4202 W. Murdock St., Wichita, Kansas 67212.

12. At all relevant times, all defendants were responsible for upholding the laws of the United States and the State of Kansas. Furthermore, defendants City of Wichita, Kansas, and Chief Williams were also responsible for the following:

> – directing, supervising, managing, hiring, firing, disciplining, training and educating the members of the Wichita Police Department and all Wichita police officers.
>
> – promulgating and enforcing the Wichita Police Department policies, procedures, rules and regulations.

4

*Shaylynn Secondine v. City of Wichita*
Petition

13. In all the actions and omissions and failures described herein, Chief Williams and Officer Bachman were acting under color of law.

## STATEMENT OF FACTS

14. On August 11, 2014, Officer Bachman was on duty, patrolling in Old Town, Wichita, Kansas. At the same time, the Plaintiff was with co-workers at Finn's Lounge in Old Town, located at 131 N. Rock Island, Wichita, Kansas. The Plaintiff knew Officer Bachman from a previous job she had at Quik Trip, 1010 E. Douglas Ave., Wichita, Kansas, where Officer Bachman would often visit.

15. The Plaintiff saw Officer Bachman twice at Finn's Lounge on August 11, 2014: at approximately 9:00 p.m., and approximately 11:00 p.m.. When Plaintiff saw Officer Bachman the second time, the Plaintiff was calling for a taxi. Officer Bachman told the Plaintiff he would give her a ride home. The Plaintiff accepted Officer Bachman's invitation and the two walked into the alley between Finn's and the Brick Yard, where Officer Bachman had parked his patrol car.

16. The Plaintiff began to open the back door of the patrol car to get in. Officer Bachman told the Plaintiff that she could sit up front with him, but that he had to first "pat her down". Officer Bachman instructed the Plaintiff to place her hands on the roof of his car, and to spread her legs. During the pat down search, Officer Bachman patted and rubbed around the outside of the Plaintiff's breasts. After the pat down, the Plaintiff was told to sit in the front seat. While the Plaintiff

5

*Shaylynn Secondine v. City of Wichita*
Petition

submissively endured the "pat down", she did not invite, encourage, solicit or agree to the touching of her breasts.

17. While driving the Plaintiff home, Officer Bachman placed his class A uniform cap on the Plaintiff's head and took pictures of her. Officer Bachman then placed his right hand inside of the Plaintiff's shirt and bra, and fondled, groped, and caressed her right breast for approximately thirty (30) seconds. Officer Bachman asked the Plaintiff whether her breasts were real. Officer Bachman invited the Plaintiff to go "skinny dipping" with him.

18. When arriving at the Plaintiff's house, Officer Bachman instructed the Plaintiff not to tell her husband about the incident. During the entire trip home, the Plaintiff was in fear of her safety. The Plaintiff felt trapped, and helpless. The Plaintiff did not invite, encourage, solicit or agree to the touching of her right breast, or to any sexual contact by Officer Bachman.

## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983

### Knowledge of Misconduct

19. Chief Williams knowingly and recklessly and with deliberate indifference and callous disregard of Plaintiff's civil liberties (freedom from unlawful search and seizure) failed or refused to terminate Officer Bachman's job, or to provide the necessary sexual offender treatment, and/or to obtain for Officer Bachman the medical or psychological care and treatment he needed. Chief Williams and his supervisory staff knew or should have known of previous sexual complaints filed

*Shaylynn Secondine v. City of Wichita*
Petition

by other women against Officer Bachman. Officer Bachman was allowed to work as an officer despite multiple claims that he had sexually abused women.

**Deliberate Indifference**

20. Based upon Plaintiff's best information and belief, Chief Williams personally participated in the creation and allowance of a custom/policy/practice/culture of sexual misconduct by his law enforcement officers. Furthermore, in creating and allowing this culture of sexual mistreatment of women, Chief Williams was deliberately indifferent to the substantial risk of harm to women (including the Plaintiff), a risk that he disregarded by failing to take reasonable measures to abate it. Defendants City of Wichita and Chief Williams are responsible and liable for these actions, omissions, and failures.

21. Defendants City of Wichita and Chief Williams had the power and responsibility to prevent, or aid in preventing, the misconduct that took place. They could have, and should have, done so by reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Plaintiff's Constitutional rights, they failed to take action.

22. Plaintiff further pleads that the various actions and omissions and failures over the years before the events at direct issue herein --- all as set out in detail herein --- demonstrated that

> (a) City of Wichita and Chief Williams were aware that Officer Bachman had made unwanted sexual advancements on other women in the community on more than one occasion, while on duty and acting under color of law. City of Wichita and Chief Williams were aware that women in the community, including the Plaintiff, were at risk of sexual abuse by Officer Bachman, and

7

*Shaylynn Secondine v. City of Wichita*
Petition

      (b) City of Wichita and Chief Williams nevertheless were deliberately indifferent to that risk of harm and thereby Plaintiff's safety.

## Custom/Policy/Practice/Culture of Misconduct

23. Prior to, and including, the time of the events described herein, the City of Wichita and Chief Williams took part in, and had job responsibilities related to, the creation and enforcement of customs/policies/practices regarding the hiring, firing, disciplining, training, educating, and supervising of police officers. The City of Wichita and Chief Williams were aware of the sexual mistreatment and abuse of women by Officer Bachman; yet, they allowed Officer Bachman to continue working as a police officer in the community, and failed to implement new policy and/or new changes to abate the risk of abuse, including the immediate termination of his official position.

Accordingly, the City of Wichita and Chief Williams are liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to the Plaintiff, including but not limited to violation of the Fourth Amendment prohibition against unreasonable searches and seizures.

## NEGLIGENCE

24. Proper notice of a negligence claim pursuant to K.S.A.§12-105(b)(d) was served on the City Clerk Karen Sublett and Mayor Jeff Longwell on October 28, 2015. The City of Wichita denied the claim. Therefore, this action may commence.

25. **City of Wichita is negligent in the following ways:**

8

*Shaylynn Secondine v. City of Wichita*
Petition

The City of Wichita is negligent under the theory of Respondeat Superior for the acts and omissions of its officers and Chief.

26. **Defendant Chief Williams is negligent in the following ways:**

*For the negligent hiring and retention of Officer Bachman. Chief Williams and the Department knew or should have known of Officer Bachman' history of sexual aggression and unlawful sexual advancements and assaults on women. Chief Williams had the authority and the duty to prevent or aid in the prevention of any other aggressive, uninvited sexual attacks by Officer Bachman, including his sexually aggressive touching of Plaintiff. Chief Williams could have done so by terminating Officer Bachman's job, providing the sexual offender treatment counseling he needed, and/or by obtaining for Officer Bachman the medical or psychological care and treatment he needed. Chief Williams not only failed in his duty, he knowingly, recklessly and with deliberate indifference and callous disregard of the Plaintiff's right to be free of uninvited sexual assaults failed or refused to terminate Officer Bachman's job, to provide the sexual offender treatment counseling he needed, and/or to obtain for Officer Bachman the medical or psychological care and treatment he needed.

*For allowing Detective Brian Safris to conduct the criminal investigation of Officer Bachman, with whom Safris was close friends. Chief Williams knew that the investigation should have been conducted by an outside agency, so the investigation could be fair and unbiased. Instead, he allowed Detective Safris to conduct the investigation, knowing (or should have known) that Safris himself had submitted an application for employment with the department, admitting to a sexual offense (having sex with a 15 year old female), and dishonest acts.

*For failing to properly educate, train, and supervise Officer Bachman, specifically related to: sexual offender treatment.

*Under the theory of Respondeat Superior, he is liable for the negligence of Officer Bachman.

27. **Defendant Officer Bachman is negligent in the following ways:**

Officer Bachman is negligent for the following reasons:

*<u>Violation of WPD Regulation 1.1 Code of Ethics</u>. Officer Bachman failed to carry out his "<u>fundamental duty</u> . . . to serve the citizens of our community, [and] <u>to safeguard lives . . . and to protect the innocent against deception</u>." Officer Bachman

9

*Shaylynn Secondine v. City of Wichita*
Petition

was not "dedicated to the performance of [his] duties. He did not exercise sound and reasonable judgment in all circumstances." Officer Bachman did not accept his position as a symbol of community trust." He used his position as an officer to abuse trust.

*<u>Violation of Regulations 301.06 and 3.1201</u> by patting down a person who was neither under arrest nor suspected of criminal activity. He further violated training and procedure by conducting a frisk of a female, without a female backup officer, and by using the palms of his hands instead of the back of his hands to "pat". Officer Bachman had no reason to fear for his safety. His actions in patting down Plaintiff were grossly negligent.

*<u>Violation of Use of Force Regulation: 4.101b</u>. The act of frisking Plaintiff was a use of force. That force was unreasonable. Officer Bachman performed a *Terry*-type frisk of Plaintiff, knowing she was not a threat. Indeed, he had offered to give a ride to her, knowing she was neither armed nor dangerous.

*<u>Violation of Regulation 3.1203</u>. Officer Bachman did not treat Plaintiff "humanely" and did not "do everything possible to ensure her safety" while she was in his control and "custody". Instead, by his reckless behavior he mistreated her, placing her in fear of serious harm.

## INTENTIONAL TORTS

28. **Battery (sexual).** Officer Bachman intentionally touched and fondled the Plaintiff's breasts, without the consent of the Plaintiff. The touching and fondling was done for the Plaintiff's sexual gratification. The Plaintiff did not invite, encourage, solicit or agree to the touching of her breasts. Knowing that his uniform and badge would elicit fear and compliance, Officer Bachman sexually molested Plaintiff by fondling her breasts.

29. **Assault.** Officer Bachman's actions in groping the Plaintiff while the Plaintiff was in Officer Bachman's vehicle, and the vehicle was moving, was perceived by the Plaintiff as a threat, coupled with apparent ability, resulting in her immediate apprehension of bodily harm.

*Shaylynn Secondine v. City of Wichita*
Petition

30. **Tort of Outrage, i.e., Intentional Infliction of Emotional Distress.** The conduct of Officer Bachman, groping Plaintiff's breasts was intentional, extreme and outrageous. Moreover, there was a causal connection between Officer Bachman's conduct and extreme distress suffered by the Plaintiff.

31. **Breach of Privacy.** The conduct of Officer Bachman, in groping Plaintiff's breasts was an invasion of Plaintiff's privacy, as it was an intentional physical intrusion upon her solitude, and constitutes conduct that is highly offensive to an ordinary person.

32. **False Arrest and False Imprisonment.** Officer Bachman's actions in groping the Plaintiff while the Plaintiff was in Officer Bachman's vehicle, and the vehicle was moving, was an unlawful physical restraint of Plaintiff's liberty. Plaintiff was unable to escape the sexual advancements of Officer Bachman, because to do so would force her to jump out of a moving police car. Moreover, the offensive conduct was that of a law enforcement officer, who was equipped with weaponry. Plaintiff feared repercussion by Officer Bachman for any physical resistance.

**WHEREFORE**, and by reason of the foregoing, Plaintiff prays for a judgment in excess of $75,000.00, for the costs of this action, attorney fees, and for such and other and further relief as the Court deems fair, reasonable, just and equitable.

*Shaylynn Secondine v. City of Wichita*
Petition

                                      Respectfully Submitted,

                                      */s/ signature*

                                      Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781
                                      Attorney for Plaintiff
                                      1631 E. 1st Street
                                      Wichita, Kansas 67214
                                      (316) 262-5400
                                      Fax: 316-262-1787