MARK T. SCHOENHOFER, #15781
1631 E. 1ST STREET
WICHITA, KANSAS 67214
(316)262-5400
FAX: (316) 262-1787
EMAIL: mydefensefirst@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SHAYLYNN SECONDINE**, | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF WICHITA, KANSAS**, | ) | |
| [SERVE: Mayor Jeff Longwell, | ) | |
| 1st Floor, 455 N. Main, Wichita, | ) | |
| Kansas 67202], | ) | |
| | ) | |
| **NORMAN WILLIAMS**, in his Official | ) | CASE NO.: 15-CV-01398-EFM |
| Capacity, [764 S. Hunter, Wichita, Kansas | ) | |
| 67203], | ) | |
| | ) | |
| **RICHARD BACHMAN**, in his Official | ) | |
| Capacity, [4202 W. Murdock St., Wichita, | ) | |
| Kansas 67212]. | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, by and through her attorney, Mark T. Schoenhofer and for her cause of action and claim for relief against the defendants, alleges and states as follows:

## STATEMENT OF CLAIMS

1

***Shaylynn Secondine v. City of Wichita***, Case No. 15-CV-01398-EFM
AMENDED COMPLAINT

    1. At all times relevant to the conduct set forth below, Defendant Richard Bachman (hereinafter Officer Bachman) was a Wichita police officer, acting in his official capacity and under color of law; and, Defendant Norman Williams (hereinafter Chief Williams) was the Chief of Police for the City of Wichita, and was acting in his official capacity.

    2. On August 11, 2014, Officer Bachman gave the Plaintiff a ride from an Old Town bar to her home, while Officer Bachman was on duty and in uniform. Officer Bachman was driving a Wichita Police Department Patrol car, equipped with overhead lights, WPD insignia, and weaponry. Before the ride, Officer Bachman subjected the Plaintiff to a pat down of her body. The pat down was a Fourth Amendment search and seizure, and unreasonably intrusive and offensive. During the pat down, Officer Bachman patted the outside of Plaintiff's breasts. In the patrol car, Officer Bachman then placed his hand inside the Plaintiff's shirt and bra, and fondled her right breast. The actions of Officer Bachman caused the Plaintiff to fear for her safety. Officer Bachman's pat down of Plaintiff was an excessive, unreasonable and inordinate use of force, and in violation of the Fourth Amendment's ban against unreasonable searches and seizures, and the Eight Amendment's prohibition against cruel and unusual punishment. Officer Bachman's use of force was in violation of Wichita Police Department policy, and was reckless, and grossly negligent. Officer Bachman is also liable for the intentional torts of battery, assault, outrage, breach of privacy, false imprisonment, and false arrest, all related to his actions in groping and fondling Plaintiff's breasts while Plaintiff was captive in Officer Bachman's patrol car.

    3. The actions and omissions and failures of defendants Norman Williams and City of Wichita violated plaintiff's constitutional rights under the Fourth Amendment and Eighth

*Shaylynn Secondine v. City of Wichita*, Case No. 15-CV-01398-EFM
AMENDED COMPLAINT

Amendment to the United States Constitution. Those actions and omissions and failures are enumerated hereinafter; but, in summary, Chief Williams and the City of Wichita knew or should have known of Officer Bachman' history of sexual aggression and unlawful sexual advancements and assaults of other women, including Victim M.C. (Hereinafter M.C.). Chief Williams had the authority and the duty to prevent or aid in the prevention of any and all other aggressive, uninvited sexual attacks by Officer Bachman on women, including his sexually aggressive touching of the Plaintiff. Chief Williams could have done so by terminating Officer Bachman's job, providing the sexual offender treatment counseling he needed, and/or by obtaining for Officer Bachman the medical or psychological care and treatment he needed. Chief Williams not only failed in his duty, he knowingly, recklessly and with deliberate indifference and callous disregard of Plaintiff's right to be free of unwanted sexual assaults by a law enforcement officer failed or refused to terminate Officer Bachman's job, to provide the sexual offender treatment counseling he needed, and/or to obtain for Officer Bachman the medical or psychological care and treatment he needed.

4. Chief William's liability arises from his failures to act, his denials, and his deliberate indifference to the foreseeable sexual abuse of Plaintiff by Officer Bachman, and the deliberate indifference to that risk. Chief Williams' acts, omissions and failures, and deliberate indifference as set forth herein, took place within the course and scope of his employment as Chief of Police for the City of Wichita, Kansas, and as employee of the Defendant City of Wichita, Kansas. Chief Williams is also liable under the doctrine of respondeat superior for the negligence of Officer Bachman.

5. The City of Wichita is liable for the actions and omissions and failures of Chief Williams and Officer Bachman under the doctrine of respondeat superior and/or other doctrines of recognized law, and for the civil rights violations of Chief Williams pursuant to 42 U.S.C. § 1983.

6. Pursuant to 42 U.S.C. §§ 1983, 1988, the Kansas Tort Claims Act (K.S.A. §§ 75-6101 to 75-6115), and the common law, Plaintiffs seek damages (both actual and exemplary), attorney's fees, and costs as a result of the defendants' tortious conduct, and their violations of Plaintiff's Constitutional rights.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by 28 U.S.C. §1331.

8. Defendants' actions and omissions and failures as well as the events giving rise to the claims occurred in Wichita, Sedgwick County, Kansas. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. Plaintiff is a resident of Wichita, Sedgwick County, Kansas.

10. The City of Wichita, Kansas is a political subdivision of the State of Kansas, and may be personally served with process by delivering a copy of the amended complaint and summons to Mayor Jeff Longwell, 1st Floor, 455 N. Main, Wichita, Kansas 67202.

11. At all times relevant hereto, Chief Williams worked as an agent, servant, and employee of the city of Wichita, Kansas. The actions, omissions and failures of this defendant took place during the course and scope of his employment as Chief of Police for the City of Wichita. Chief Williams may be served with process at 764 S. Hunter, Wichita, Kansas 67207.

12. Officer Bachman was at all times relevant hereto a police officer for the City of Wichita, Kansas. The actions, omissions and failures of this defendant took place during the course and scope of his employment. Officer Bachman may be served with process at 4202 W. Murdock St., Wichita, Kansas 67212.

13. At all times relevant hereto, all defendants were responsible for upholding the laws of the United States and the State of Kansas. Furthermore, defendants City of Wichita, Kansas, and Chief Williams were also responsible for the following:

> – directing, supervising, managing, hiring, firing, disciplining, training and educating the members of the Wichita Police Department and all Wichita police officers.
>
> – promulgating and enforcing the Wichita Police Department policies, procedures, rules and regulations.

14. In all the actions and omissions and failures described herein, Chief Williams and Officer Bachman were acting under color of law.

## STATEMENT OF FACTS

**Officer Bachman Sexual Misconduct Towards Plaintiff**

15. On August 11, 2014, Officer Bachman was on duty, patrolling in Old Town, Wichita, Kansas. At the same time, the Plaintiff was with co-workers at Finn's Lounge in Old Town, located at 131 N. Rock Island, Wichita, Kansas. The Plaintiff knew Officer Bachman from a previous job she had at Quik Trip, 1010 E. Douglas Ave., Wichita, Kansas, where Officer Bachman would often visit.

16. The Plaintiff saw Officer Bachman twice at Finn's Lounge on August 11, 2014: at approximately 9:00 p.m., and approximately 11:00 p.m.. When Plaintiff saw Officer Bachman the second time, the Plaintiff was calling for a taxi. Officer Bachman told the Plaintiff he would give her a ride home. The Plaintiff accepted Officer Bachman's invitation and the two walked into the alley between Finn's and the Brick Yard, where Officer Bachman had parked his patrol car.

17. The Plaintiff began to open the back door of the patrol car to get in. Officer Bachman told the Plaintiff that she could sit up front with him, but that he had to first "pat her down". Officer Bachman instructed the Plaintiff to place her hands on the roof of his car, and to spread her legs. During the pat down search, Officer Bachman patted and rubbed around the outside of the Plaintiff's breasts. After the pat down, the Plaintiff was told to sit in the front seat. While the Plaintiff submissively endured the "pat down", she did not invite, encourage, solicit or agree to the touching of her breasts.

18. While driving the Plaintiff home, Officer Bachman placed his class A uniform cap on the Plaintiff's head and took pictures of her. Officer Bachman then placed his right hand inside of the Plaintiff's shirt and bra, and fondled, groped, and caressed her right breast for approximately thirty (30) seconds. Officer Bachman asked the Plaintiff whether her breasts were real. Officer Bachman invited the Plaintiff to go "skinny dipping" with him.

19. When arriving at the Plaintiff's house, Officer Bachman instructed the Plaintiff not to tell her husband about the incident. During the entire trip home, the Plaintiff was in fear of her safety. The Plaintiff felt trapped, and helpless. The Plaintiff did not invite, encourage, solicit or

6

agree to the touching of her right breast, or to any sexual contact by Officer Bachman.

**Previous Officer Bachman Incidents of Sexual Misconduct**

20. Over the course of two years, 2010 to 2012, Officer Bachman repeatedly subjected M.C., a female security guard in Wichita, to unwanted sexual contact. Officer Bachman repeatedly stopped, approached, and held M.C. against her will. Officer Bachman fondled, groped, and even digitally penetrated M.C.. M.C. reported these incidents of unwanted sexual assaults to Wichita Police Officer Bob Adams. Officer Bachman was neither fired nor disciplined for these sexual attacks on M.C.. The incidents of sexual abuse of M.C. by Officer Bachman included the following incidents:

> *In the winter of 2010, M.C. was in Old Town at Finns. After consuming alcohol, M.C. left the building. Officer Bachman saw M.C., and he grabbed her by the arm and asked her where she was going. M.C. said she was going to lock up her car and call a cab for a ride. Officer Bachman offered to give M.C. a ride. She declined. Officer Bachman then led M.C. to the alley between Finns and the Brick Yard. There, he shoved her against a wall, and he placed his hands down her pants and digitally penetrated her vagina. Officer Bachman put his hand over M.C.'s mouth and told her to "shut up" when she cried. M.C. threatened to report Officer Bachman. Officer Bachman told M.C. he knew where she lived; he knew that she was married; and, he knew that she had a child. Officer Bachman threatened to tell M.C.'s husband that she was having an affair with an officer. He then also threatened to remove her child from her home, because it was obviously an unsafe environment. Lastly, he threatened to arrest M.C. for public intoxication.
>
> *Officer Bachman would routinely sit in the empty parking lot of a church north of the Kingston Cove Apartments, at 27th and Seneca to watch for M.C.. M.C. worked security at the apartments. When he would see M.C. working, Officer Bachman would initiate his overhead lights and wave her over. In the middle of 2011, Officer Bachman initiated his overhead lights and waved M.C. over to him. She drove her security vehicle over to his car. Officer Bachman got out of his vehicle, stood by M.C.'s vehicle, lit a cigar and told her how he couldn't wait to get down her pants.

>Officer Bachman ordered her out of the car. Officer Bachman reached up M. C.'s shirt, under her bullet proof vest, and grabbed her breasts. He asked her what she needed the vest for. She said "for my protection". Officer Bachman said, "oh baby, I'll protect you." Officer Bachman then reached down towards M.C.'s trousers. She shoved him away. Officer Bachman then put M.C. in an arm bar, and shoved her against her car. Officer Bachman threatened: "I can take you right now." M.C. asked: "I don't understand, take me to jail? Officer Bachman said "yes". M.C. asked "why?" Officer Bachman answered: "for resisting arrest." M.C. insisted: "I'm not resisting arrest, I'm defending myself." Officer Bachman asked: "who are they going to believe, me or you?" Officer Bachman then took M.C.'s gun, and threatened to run the serial number. M.C. told him she lawfully possessed it, and she had a carry/conceal permit. Officer Bachman pushed M.C. up against the car again and tried to undo her pants. He was unsuccessful, as M.C. fought him. Officer Bachman then grabbed M.C.'s breasts again, and tried to put his mouth on her breasts. M. C. shoved him again. Officer Bachman slammed her M.C.'s head against the car. M.C. threatened to scream. Officer Bachman slowly backed away. M.C. got in her car and left. She quit her job soon afterwards.
>
>*On another occasion, Officer Bachman threatened to plant drugs on M.C.'s person, advising her that he had done it before to others.
>
>*On another occasion, Officer Bachman used M.C.'s own handcuffs to handcuff her, while he sexually assaulted her.
>
>*Officer Bachman followed M.C. into Quik Trip, where he winked at her and licked his lips.
>
>*Officer Bachman repeatedly asked M.C. to go skinny dipping with him at his private spot.
>
>*Over the course of two years, Officer Bachman physically and sexually abused M.C. 10 to 12 times, including groping and grabbing of her breasts, and digitally penetrating her. The last incident occurred in late 2012. M.C. finally reported the abuse to Officer Bob Adams, who took detailed notes, documenting the abuse.

**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**

**Knowledge of Misconduct**

21. Chief Williams knowingly and recklessly and with deliberate indifference and callous

disregard of Plaintiff's civil liberties (freedom from unlawful searches and seizures, and unwanted sexual subjugation) failed or refused to terminate Officer Bachman's job, or to provide the necessary sexual offender treatment he needed, to obtain for Officer Bachman the medical or psychological care and treatment he needed, to discipline Officer Bachman, or to provide the additional training he needed. Chief Williams and his supervisory staff knew or should have known of previous sexual complaints filed by other women, including M.C., against Officer Bachman–as such incidents were reported and documented. The knowledge of Officer Bachman's repeated sexual abuse of M.C. came with the report taken by Officer Bob Adams, two years before Officer Bachman abused the Plaintiff. Even with this knowledge, Officer Bachman was allowed to work as an officer. Officer Bachman was neither terminated nor disciplined for his sexual abuse of M.C..

**Deliberate Indifference**

22. Based on the Plaintiff's best information, defendants City of Wichita and Chief Williams personally participated in the creation and allowance of a custom/policy/practice/culture of sexual misconduct by male Police Officers towards female citizens. Furthermore, in creating and allowing this culture of sexual misconduct by male Police Officers towards female citizens, defendants City of Wichita and Chief Williams were deliberately indifferent to a substantial risk of harm to the female citizens (including the Plaintiff), a risk that they disregarded by failing to take reasonable steps to abate it. Defendants City of Wichita and Chief Williams are responsible and liable for these actions, omissions, and failures.

23. Defendants City of Wichita and Chief Williams had the power and responsibility to

*Shaylynn Secondine v. City of Wichita*, Case No. 15-CV-01398-EFM
AMENDED COMPLAINT

prevent, or aid in preventing, the misconduct that took place. They could have, and should have, done so by reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Plaintiff's Constitutional rights, they failed to take action.

24. Plaintiff further pleads that the various actions and omissions and failures over the years before the events at direct issue herein --- all as set out in detail herein --- demonstrated that

> (a) City of Wichita and Chief Williams were aware that Officer Bachman had made unwanted sexual advancements on other women in the community on more than one occasion, while on duty and acting under color of law. City of Wichita and Chief Williams were aware that women in the community, including the Plaintiff, were at risk of sexual abuse by Officer Bachman, and
>
> (b) City of Wichita and Chief Williams nevertheless were deliberately indifferent to that risk of harm and thereby Plaintiff's safety.

**Custom/Policy/Practice/Culture of Misconduct**

25. Prior to, and including, the time of the events described herein, the City of Wichita and Chief Williams took part in, and had job responsibilities related to, the creation and enforcement of customs/policies/practices regarding the hiring, firing, disciplining, training, educating, and supervising of police officers. The City of Wichita and Chief Williams were aware of the sexual mistreatment and abuse of women by Officer Bachman; yet, they allowed Officer Bachman to continue working as a police officer in the community, and failed to implement new policy and/or new changes to abate the risk of abuse, including the immediate termination of Officer Bachman's official position.

The City of Wichita and Chief Williams caused and allowed the development of a

10

*Shaylynn Secondine v. City of Wichita*, Case No. 15-CV-01398-EFM
AMENDED COMPLAINT

custom/policy/practice/culture which included:

> *Allowing and tolerating unwanted sexual contact between male police officers and female citizens;
>
> *Failing to properly investigate instances of sexual misconduct;
>
> *Failing to administer effective and appropriate discipline for sexual misconduct;
>
> *Failing to terminate officers for sexual misconduct;
>
> *Failing to properly train officers regarding sexual misconduct;

Accordingly, the City of Wichita and Chief Williams are liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to the Plaintiff, including but not limited to violation of the Fourth Amendment's prohibition against unreasonable searches and seizures, and the Eighth Amendment's prohibition against cruel and unusual punishment.

**NEGLIGENCE**

26. Proper notice of a negligence claim pursuant to K.S.A.§12-105(b)(d) was served on the City Clerk Karen Sublett and Mayor Jeff Longwell on October 28, 2015. The City of Wichita denied the claim. Therefore, this action may commence.

27. **City of Wichita is negligent in the following ways:**
The City of Wichita is negligent under the theory of Respondeat Superior for the acts and omissions of its officers and Chief.

28. **Defendant Chief Williams is negligent in the following ways**:

*Shaylynn Secondine v. City of Wichita*, Case No. 15-CV-01398-EFM
AMENDED COMPLAINT

*For the negligent hiring and retention of Officer Bachman. Chief Williams and the Department knew or should have known of Officer Bachman' history of sexual aggression and unlawful sexual advancements and assaults on women. Chief Williams had the authority and the duty to prevent or aid in the prevention of any other aggressive, uninvited sexual attacks by Officer Bachman, including his sexually aggressive touching of Plaintiff. Chief Williams could have done so by terminating Officer Bachman's job, providing the sexual offender treatment counseling he needed, and/or by obtaining for Officer Bachman the medical or psychological care and treatment he needed, and/or providing additional training to Officer Bachman. Chief Williams not only failed in his duty, he knowingly, recklessly and with deliberate indifference and callous disregard of the Plaintiff's right to be free of uninvited sexual assaults failed or refused to terminate Officer Bachman's job, to provide the sexual offender treatment counseling he needed, and/or to obtain for Officer Bachman the medical or psychological care and treatment he needed, and/or the additional training he needed.

*For allowing Detective Brian Safris to conduct the criminal investigation of Officer Bachman, with whom Safris was close friends. Chief Williams knew that the investigation should have been conducted by an outside agency, so the investigation could be fair and unbiased. Instead, he allowed Detective Safris to conduct the investigation of Plaintiff's allegations, knowing (or should have known) that Safris himself had submitted an application for employment with the department, admitting to a sexual offense (having sex with a 15 year old female), and dishonest acts.

*For failing to properly educate, train, and supervise Officer Bachman, specifically related to: sexual offender treatment.

*Under the theory of Respondeat Superior, he is liable for the negligence of Officer Bachman.

29. **Defendant Officer Bachman is negligent in the following ways**:

Officer Bachman is negligent for the following reasons:

*<u>Violation of WPD Regulation 1.1 Code of Ethics</u>. Officer Bachman failed to carry out his "<u>fundamental duty</u> . . . to serve the citizens of our community, [and] <u>to safeguard lives</u> . . . <u>and to protect the innocent against deception</u>." Officer Bachman was not "dedicated to the performance of [his] duties. He did not exercise sound and reasonable judgment in all circumstances." Officer Bachman did not accept his position as a symbol of community trust." He used his position as an officer to abuse trust.

*<u>Violation of Regulations 301.06 and 3.1201</u> by patting down a person who was

>neither under arrest nor suspected of criminal activity. He further violated training and procedure by conducting a frisk of a female, without a female backup officer, and by using the palms of his hands instead of the back of his hands to "pat". Officer Bachman had no reason to fear for his safety. His actions in patting down Plaintiff were grossly negligent.
>
>*Violation of Use of Force Regulation: 4.101b. The act of frisking Plaintiff was a use of force. That force was unreasonable. Officer Bachman performed a *Terry*-type frisk of Plaintiff, knowing she was not a threat. Indeed, he had offered to give a ride to her, knowing she was neither armed nor dangerous.
>
>*Violation of Regulation 3.1203. Officer Bachman did not treat Plaintiff "humanely" and did not "do everything possible to ensure her safety" while she was in his control and "custody". Instead, by his reckless behavior he mistreated her, placing her in fear of serious harm.

## INTENTIONAL TORTS

30. **Battery (sexual)**. Officer Bachman intentionally touched and fondled the Plaintiff's breasts, without the consent of the Plaintiff. The touching and fondling was done for the defendant's sexual gratification. The Plaintiff did not invite, encourage, solicit or agree to the touching of her breasts. Knowing that his uniform and badge would elicit fear and compliance, Officer Bachman sexually molested Plaintiff by fondling her breasts.

31. **Assault.** Officer Bachman's actions in groping the Plaintiff while the Plaintiff was in Officer Bachman's vehicle, and the vehicle was moving, was perceived by the Plaintiff as a threat, coupled with apparent ability, resulting in her immediate apprehension of bodily harm.

32. **Tort of Outrage**, i.e., **Intentional Infliction of Emotional Distress**. The conduct of Officer Bachman, groping Plaintiff's breasts was intentional, extreme and outrageous. Moreover, there was a causal connection between Officer Bachman's conduct and extreme distress suffered

by the Plaintiff.

33. **Breach of Privacy**. The conduct of Officer Bachman, in groping Plaintiff's breasts was an invasion of Plaintiff's privacy, as it was an intentional physical intrusion upon her solitude, and constitutes conduct that is highly offensive to an ordinary person.

34. **False Arrest and False Imprisonment**. Officer Bachman's actions in groping the Plaintiff while the Plaintiff was in Officer Bachman's vehicle, and the vehicle was moving, was an unlawful physical restraint of Plaintiff's liberty. Plaintiff was unable to escape the sexual advancements of Officer Bachman, because to do so would force her to jump out of a moving police car. Moreover, the offensive conduct was that of a law enforcement officer, who was equipped with weaponry. Plaintiff feared repercussion by Officer Bachman for any physical resistance.

**WHEREFORE**, and by reason of the foregoing, Plaintiff prays for a judgment in excess of $75,000.00, for the costs of this action, attorney fees, and for such and other and further relief as the Court deems fair, reasonable, just and equitable.

Respectfully Submitted,

/S/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781
Attorney for Plaintiff
1631 E. 1st Street
Wichita, Kansas 67214
(316) 262-5400
Fax: 316-262-1787